IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VALENTINA M. OVALLE, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | 1:24-CV-1369-RP |
| WAYNE R. WAGNER and SLOW WAVE, INC., | | |
| Defendants. | | |

**ORDER**

Before the Court is Defendants Wayne R. Wagner ("Wagner") and Slow Wave, Inc.'s ("Slow Wave") (collectively, "Defendants") Motion to Dismiss, (Dkt. 6), to which *pro se* Plaintiff Valetina M. Ovalle ("Plaintiff") did not file a response,[1] and Defendants filed a reply in support, (Dkt. 18). Plaintiff filed three Motions for Extension of Time, (Dkts. 9, 11, 13), to which Defendants responded in opposition, (Dkts. 10, 12). Plaintiff also filed two Motions for Leave to Amend Complaint, (Dkts. 14, 15), to which Defendants filed a response, (Dkt. 19).

Plaintiff alleges that she and Wagner, who is Slow Wave's CEO, lived together in a relationship for almost nine years and intended to be formally married. (Dkt. 1-2, at 3). During this relationship, Plaintiff alleges that she was employed by Slow Wave in various positions until she was terminated in February 2024. (*Id.*). On August 5, 2024, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination against Slow Wave. (*Id.* at 3–5). On August 12, 2024, the EEOC dismissed the Charge without making a determination and issued a "right to sue" letter. (*Id.* at 1–2). Plaintiff filed her Complaint in this Court on November 8, 2024,

---

[1] The Local Rules empower the Court to grant a motion to dismiss as unopposed, Local Rule CV-7(e)(2), but because Defendants seek dismissal with prejudice, the Court will decline to do so.

asserting a claim for sex discrimination under Title VII of the of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, ("Title VII") and a claim for quantum meruit. (Dkt. 1, at 3).

Defendants filed their Motion to Dismiss on December 9, 2024. (Dkt. 6). Defendants urge the Court to dismiss the action because: (1) Slow Wave is not a proper defendant since it employed fewer than 15 employees during the requisite time period and is therefore not a statutory "employer" under Title VII; (2) Wagner is not a proper defendant because officer-employers cannot be held liable as a matter of law under Title VII; and (3) Plaintiff fails to allege that she faced discrimination or an adverse employment action based on her protected status. (*Id.* at 2–3).

Though Plaintiff never filed a response to the Motion to Dismiss, she has filed Motions for Extension of Time[2] and Motions to Amend Complaint, seeking to voluntarily dismiss her Title VII claims—because Slow Wave did not employ more than 15 employees—and pursue only state-law quantum meruit and breach of contract claims. (Dkts. 9, at 2; Dkt. 14; Dkt. 15). The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course,"[3] but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). But leave to amend "is by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). A district court may deny leave to amend if it has a "substantial reason" to do so. *Lyn–*

---

[2] It is unclear what deadline Plaintiff seeks to extend. Plaintiff filed the Motions for Extension of Time on January 3, January 9, and January 16, 2025, seeking an extension of an unspecified December 26, 2024, deadline. (Dkt. 9, at 1–2). But Plaintiff's deadline to file a response to the Motion to Dismiss was December 24, 2024. *See* Local Rule CV-7(d)(2). Because the deadline had already passed, these requests would be more appropriately styled as motions for leave to file an amended complaint. Local Rule CV-7(b). The Court will therefore construe them as Motions for Leave to Amend Complaint.
[3] Plaintiff's deadline to file an amended complaint as a matter of course passed on December 31, 2024.

*Lea Travel Corp.*, 283 F.3d at 286. The futility of amendment is one such substantial reason to deny leave to amend. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000).

 Here, the motions are futile because they would deprive the Court of jurisdiction over her state-law claims. "[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–474 (2007). "So when the plaintiff in an original case amends her complaint to withdraw the federal claims, leaving only state claims behind, she divests the federal court of adjudicatory power." *Royal Canin U. S. A., Inc. v. Wullschleger*, No. 23-677, 2025 WL 96212, at *6 (Jan. 15, 2025). Here, Plaintiff filed her Complaint in federal court and now seeks to amend the Complaint to eliminate the Title VII claim and pursue only quantum meruit and breach of contract claims. (Dkt. 1). These state-law claims are not subject to the Court's jurisdiction. Accordingly, Plaintiff's Motions for Leave to Amend Complaint are futile and are therefore denied.

 After establishing that Plaintiff's operative pleading is her original Complaint, (*see* Dkt. 1), the Court now turns to Defendants' Motion to Dismiss the Complaint, (Dkt. 6). The Court will grant the motion. Plaintiff has already conceded that Slow Wave does not meet the 15-employee threshold to constitute an "employer" under Title VII. (Dkt. 9, at 2). The Court additionally finds that Wagner, as CEO of Slow Wave, is not a proper Title VII defendant. The Fifth Circuit has repeatedly rejected any basis for individual liability under Title VII. *Baldwin v. Layton*, 300 F. App'x 321, 323 (5th Cir. 2008); *see also Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities."); *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) ("This circuit has held that there is no individual liability for employees under Title VII."); *Evans v. E. Tex. Family Med.*, No. 6:22-CV-00374-JDK, 2023 U.S. Dist. LEXIS 35777, at *10 (E.D. Tex. 2023) (same). Plaintiff sued Wagner in his individual capacity for claims

arising from alleged violations of Title VII. Under Fifth Circuit precedent, Wagner is not a proper defendant to a Title VII claim, and all claims against him are dismissed.

As for Plaintiff's quantum meruit claims,[4] the Court will dismiss them for lack of subject-matter jurisdiction. This Court has federal-question jurisdiction over cases that arise under federal law. 28 U.S.C. § 1331. The court may dismiss a case for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Here, because Plaintiff's quantum meruit claim is one of state law, the Court does not have jurisdiction over the claim after dismissing Plaintiff's federal claims. The Court will therefore dismiss the quantum meruit claim. If Plaintiff wishes to renew her state-law claims, she should do so in a court of proper jurisdiction.

Accordingly, **IT IS ORDERED** that Plaintiff's Motions for Extension of Time, (Dkts. 9, 11, 13), and Motions for Leave to Amend Complaint, (Dkts. 14, 15), are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (Dkt. 6), is **GRANTED**. Plaintiff's Title VII claims are **DISMISSED WITH PREJUDICE**. Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** on February 4, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[4] Though Plaintiff notes that she wishes to pursue quantum meruit and breach of contract claims, she never mentions breach of contract in her original Complaint. (*See* Compl., Dkt. 1).